LYMAN P. SAXTON v. EDGAR Z. PELLS AND HANNAH W. BOGARDUS.

*Contract—Parol evidence—Agency.*

Evidence that, at the time of the execution of a contract for the manufacture of the timber upon certain lands owned by the contractees, they stated that one of them would look after the business for both, is not open to the objection that it tends to vary the written contract by parol testimony.

Error to Kent. (Grove, J.)  Argued November 24, 1893. Decided January 5, 1894.

*Assumpsit.*  Defendants bring error.  Affirmed.  The facts are stated in the opinion.

*B. T. Halstead,* for appellants.

*L. G. Rutherford,* for plaintiff.

HOOKER, J.  The defendants are the owners of a tract of land in this State, and made a contract in writing with the plaintiff, by the terms of which he was to cut and manufacture the timber on said land.  This was to be done upon the premises, and the proceeds were to be divided. The defendants reserved the right to have their share of the product piled up for them if they so elected.  The defendants lived in Illinois, and the contract was made by the plaintiff with Mr. Pells and Mr. Bogardus, who acted for Mrs. Bogardus.  After the contract was made it was understood that Mr. Pells would be the active manager for the defendants.

Objection was made to the introduction of the statement to Mr. Saxton that Mr. Pells would look after the business for himself and Mrs. Bogardus, upon the ground that it tended to vary the written contract of the parties by parol. There is no force in this.  It cannot be said to have had that effect.  It tended to show that his codefendant consented to his management of the business for her, which would perhaps have been implied from the conduct of the parties if this testimony had not been given.

In cutting timber the plaintiff seems to have taken some from adjoining premises, for which a claim of damages was made by the owners.  He placed the sum of $150 in the hands of defendant Pells to pay that claim, but it was not used for the purpose, and plaintiff afterwards settled the trespass matter himself.

The next item claimed is $4, which plaintiff testifies was his due for loading a car with shingles which belonged to the defendants.

Plaintiff further testified that after the shingles were manufactured Mr. Pells said he would take plaintiff's share of the shingles, and they were accordingly drawn out to the railroad, and piled with his share. The sum of $21.50 is claimed for them.

Another item of $16.50 was for lumber in the mill yard at the time that plaintiff sold his mill to other parties, which lumber Pells said he would dispose of, and account to plaintiff for.

Another item of $148.50 was for plaintiff's three-fourths interest in a load of hemlock lumber which he sawed out of Mr. Pells' timber, which plaintiff charged up, upon the understanding that Pells had sold it, and taken the money. Plaintiff says that the defendants owe him for it. The defendants do not deny that Mr. Pells took this lumber, but say that Mrs. Bogardus is not liable for the wrongful conversion by Mr. Pells.

It also appeared that a few months after the contract was made the plaintiff and his sons, who had become interested in the contract with their father, executed a note and chattel mortgage to Pells for $1,000. The record does not show what it was given for, but, as the mortgage covered the saw-mill, teams, implements, logs, etc., we may perhaps be justified in the inference that it was in connection with the business. The record is equally silent as to the payment of this note and mortgage, except that it shows that plaintiff deposited $230 in the bank to the order of Pells, to pay the mortgage, which was claimed to be an overpayment of $40.

The principal contention upon the part of the defendants is that none of these are joint obligations; that, if there is any liability at all upon these items, Mrs. Bogardus

is not a party to it, and the court should have directed a verdict for the defendants. We do not take that view of the case. There was evidence tending to support the plaintiff's theory as to some, if not all, of the items in controversy, which made it necessary that the case should be submitted to the jury. This disposes of assignments 7 and 8.

Error is assigned upon the failure of the court to give defendants' first three requests to charge, but an examination of the charge shows that the substance of them was given.

We find no error in the record, and the judgment will be affirmed.

The other Justices concurred.